UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES A PAQUIN,

      Plaintiff,

 v.                                                                               Case No. 14-C-210

CITY OF KIEL and ANTHONY SCHWEIGL
in his individual capacity,

      Defendants.

## ORDER GRANTING MOTION TO AMEND

Plaintiff James A. Paquin has filed a motion for leave to file an amended complaint that would add a claim for violation of his Fourth Amendment rights by David Funkhauser, the Chief of the Kiel Police Department, to his civil rights action against the City of Kiel and one of its police officers. The motion will be granted.

The new claim is based upon the same series of events that are alleged in the original complaint. Paquin alleges he was awakened in the early morning hours of April 29, 2012, when Defendant Anthony Schweigl, a City of Kiel police officer, knocked on the door of the second floor apartment where he lived with his mother. At the time, Paquin was 17 years old, and his mother was not at home. Paquin opened the door and was directed by Officer Schweigl to come downstairs where they could talk. When Paquin asked Schweigl what it was about, Schweigl responded that Paquin should come downstairs or let Schweigl into the apartment. Schweigl eventually forced his way inside and, when Paquin attempted to call his mother on the telephone, Schweigl used a Taser to incapacitate him. Schweigl then placed Paquin under arrest and transported him to the Kiel

Police Department where he was told he would be charged with disorderly conduct and resisting arrest. Based on these allegations, the original complaint asserted claims against Officer Schweigl for unlawful entry, excessive force and false arrest, all in violation of his Fourth Amendment rights. The complaint also includes a *Monell* claim against the City. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978).

The new claim in the proposed amended complaint is based on the allegation that after being brought to the Kiel Police Department, the Paquin was told that Officer Schweigl had left the taser equipment in Paquin's apartment and, if he did not consent to the police entering the apartment to retrieve the equipment, he would be held in jail overnight while they obtained a search warrant. Paquin claims that he consented, but his consent was coerced and, therefore, the entry was in violation of his Fourth Amendment rights. Defendants object to the amendment, claiming that it is untimely, prejudicial, and that it is futile.

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that the court should freely give leave to amend "when justice so requires." Defendants' strongest argument against allowing the amendment is that Paquin knew, or should have known, at least by May of the facts supporting the new claim. Indeed, since Paaquin was a witness to the events giving rise to the claim, he would have known from the outset. Thus, the claim should have been included in the original complaint. Nevertheless, the Court concludes that the amendment should be granted.

The discovery deadline in the case is February 16, 2015. Trial is not scheduled to commence until March 16, 2015. The additional claim arises out of the same set of operable facts and it is unlikely that further discovery is really necessary to address it. Although Defendants contend that their experts have issued reports, it should not be difficult to revise their reports to include this claim as well. If the court's scheduling order needs to be amended to avoid unfair prejudice, the court will

consider such a request, but at least at this point, it does not appear an amendment is needed. In sum, the Court finds no prejudice to the defense in allowing the amendment to occur.

Defendants also argue that the amendment would be futile because the claim would be dismissed on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court disagrees. The allegation that the defendant would be placed in jail if he did not consent, given the facts of the case, is sufficient to state a claim under the fourth amendment. Paquin alleges that he committed no crime and his arrest was without probable cause. It appears that the Chief agreed that the defendant would be released that evening unless he withheld consent to a further entry to his apartment. To place someone in jail or threaten to place one in jail, absent probable cause to arrest, in order to obtain consent to enter their dwelling place would clearly constitute a violation of the individual's rights under the Fourth Amendment. Accordingly, the claim is not futile.

Finally, the claim is one which is important to the public. The allegation that law enforcement officers have abused their authority and violated an individual's constitutional rights in the manner claimed is a serious allegation that should be resolved on the merits. Accordingly, the motion to amend is granted and the Clerk is instructed to file the Amended Complaint attached at ECF [14-1] forthwith. Defendants will have 20 days to file an answer to the Amended Complaint.

**SO ORDERED** this  24th   day of September, 2014.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court